# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARVIN E. ALLEN,<br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:18-CV-217-JEM<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Marvin E. Allen on June 5, 2018, and Plaintiff's Opening Brief [DE 17], filed November 16, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On December 27, 2018, the Commissioner filed a response, and on January 16, 2019, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.  Background**

On October 3, 2014, Plaintiff filed applications for benefits alleging that he became disabled on August 15, 2008. Plaintiff's application was denied initially and upon consideration. On January 31, 2017, Administrative Law Judge ("ALJ") Matthew Johnson held a video hearing, at which Plaintiff, with an attorney and a vocational expert ("VE"), testified. At the hearing, Plaintiff amended his alleged onset date to October 3, 2014. On May 10, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant has not engaged in substantial gainful activity since October 3, 2014, the application date.

1

2. The claimant has the following severe impairments: loss of central visual acuity, complex tear of medial meniscus in the right knee, status post left knee arthroscopy, obstructive sleep apnea (OSA), obesity, depression and personality disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except climb ramps and stairs occasionally, never climb ropes, ladders or scaffolds; balance, stoop, kneel, crouch and crawl on an occasional basis; the individual has no vision in his left eye and is limited visually in accordance with having only vision in one eye; the claimant can never work around environments involving unprotected heights, moving mechanical parts, and operation of a commercial motor vehicle; the individual is able to understand, carry out, remember and perform simple, routine and repetitive tasks involving only simple, work-related decisions with the ability to adapt only to routine workplace changes; the individual would need to be allowed to alternate between sitting and standing; the individual should be allowed to alternate to standing for five minutes after forty-five minutes of sitting, and alternate to sitting for five minutes after forty-five minutes of standing or walking, noted this is not off task time, but simple changes in positions at a job or at a work station; the individual can work in environments that involve humidity, wetness, dust, odors, fumes, and pulmonary irritants and extreme cold only on an occasional basis.

5. The claimant is unable to perform any past relevant work.

6. The claimant was 50 years old, which is defined as a which is defined as an individual closely approaching advanced age, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,*

705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ failed to support the RFC with substantial evidence, and improperly evaluated Plaintiff's subjective symptoms. The Commissioner argues that the decision is supported by substantial evidence.

Plaintiff disputes the ALJ's finding that Plaintiff could sustain light work with sit/stand

4

options and other limitations. The RFC is an assessment of what work-related activities the claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); see also 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, both medical and non-medical. See 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)).

In this case, the ALJ found, among other restrictions, that Plaintiff "should be allowed to alternate to sitting for five minutes after 45 minutes of standing" and vice versa. The ALJ did not explain how he arrived at those limitations. He gave "partial weight" to two state agency physicians who opined that Plaintiff could stand and walk for six hours of an eight-hour workday, or sit for six hours of an eight-hour workday, because subsequent medical evidence supported greater restrictions. But neither Plaintiff nor any doctor suggested the forty-five minute limit; it appears to have been created by the ALJ himself. The ALJ must explain how he reached his conclusions regarding a claimant's physical capabilities using medical evidence in the record. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The ALJ needed to explain how she reached her conclusions about Scott's physical capabilities.") (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2004), *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004)); *see also Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding where the ALJ "failed to lay a foundation" for the finding that claimant could be off task for 10 percent of the day). The ALJ can solicit additional medical opinions if he finds evidentiary gaps in the record, but he cannot "play doctor" by drawing his own

conclusions as to medical issues. *See Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *see also Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). This failure to build a logical bridge between the medical evidence in the record and the restrictions in the RFC requires remand. *See O'Connor-Spinner*, 627 F.3d at 618; *Briscoe*, 425 F.3d at 352 (remanding where the ALJ "did not explain how he arrived at these [RFC] conclusions; this omission in itself is sufficient to warrant reversal of the ALJ's decision").

Plaintiff also argues that the ALJ failed to properly consider his right knee pain and obstructive sleep apnea. The ALJ found that both Plaintiff's torn right medial meniscus and his obstructive sleep apnea were "severe impairments," but did not discuss either issue in his description of the RFC, beyond summarizing the medical findings. If there were any limitations imposed in the RFC based on those severe impairments, the ALJ failed to explain them, leaving the Court without a logical bridge between the evidence and his conclusions. *O'Connor-Spinner*, 627 F.3d at 618. If the ALJ concluded that the severe impairments caused him no limitations, those findings were internally contradictory. *See* SSR 16-3p, 2017 WL 5180304 at *11 ("A severe impairment is one that affects an individual's ability to perform basic work-related activities."). Regardless of the ALJ's conclusions, he was required to explain them, and could not simply disregard "entire lines of contrary evidence" supporting Plaintiff's possible disability. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion").

Plaintiff also asserts that the ALJ failed to properly analyze his subjective symptoms in the

manner prescribed by SSR 16-3p. When determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304 (October 25, 2017). The ALJ is not permitted to

> make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304 at *9. "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); see also *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

In this case, the ALJ found that Plaintiff's allegations concerning his symptoms were "not entirely consistent with the medical evidence in the record." The ALJ stated that Plaintiff's allegations "have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." He added that Plaintiff's activities of daily living "are not limited to the extent one would expect" given his claimed limitations. This analysis does not meet the standards of SSR 16-3p, and makes it impossible to tell which of Plaintiff's statements were dismissed and for what reasons, again leaving the reviewer without "an accurate and logical bridge" to the ALJ's conclusions. *See Clifford v. Apfel*,

7

227 F.3d 863, 872 (7th Cir. 2000) (remanding where "the ALJ stated, in a conclusory manner, that [Plaintiff's] testimony regarding the limitations placed on her daily activities was unsupported by the medical evidence"); *see also* SSR 16-3p, 2017 WL 5180304 at *9 ("The decision must contain specific reasons for the weight given to the individual's symptoms . . . and be clearly articulated so the individual and any subsequent reviewer can assess how the evaluated the individual's symptoms.").

The ALJ apparently failed to consider several of Plaintiff's alleged symptoms, including reduced vision in his right eye, back pain, and headaches. Plaintiff is blind in his left eye, and the ALJ found that Plaintiff had no vision in the left eye and was "limited visually in accordance with having vision in one eye." But the ALJ did not account for the right eye, for which Plaintiff reported "foggy white and cloudy" vision (AR 391), which was recorded at 20/70 (AR 392), and which Plaintiff said was "decreasing" (AR 460). The ALJ summarized the medical findings, but did not explain how they affected the RFC. Plaintiff also complained of back pain after "a refrigerator that he was helping to carry up some stairs fell on him." AR 432. The pain was aggravated by various kinds of activity or "stand[ing] for more than 10 minutes." AR 432, 450-52. Plaintiff received physical therapy, at the conclusion of which the therapist advised that he "avoid . . . prolonged standing in a slightly forward bent position." *See* AR 455-57. Again, it is unclear whether those symptoms were considered and dismissed, or simply ignored. Plaintiff also complained of headaches: the ALJ acknowledged Plaintiff's testimony that his headaches came approximately twice a week, lasted a couple of hours, and that medication helped "a bit," but the ALJ did not explain why this did or did not result in limitations in the RFC.

On remand, the ALJ needs to "evaluate whether [Plaintiff's allegations] are consistent with

objective medical evidence and the other evidence," and "explain" which symptoms are found to be consistent or inconsistent with the evidence. SSR 16-3p, 2017 WL 5180304 at *6, *8; see also *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (remanding where the ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford*, 227 F.3d at 870-72).

The ALJ erred in explaining the RFC determination and in analyzing Plaintiff's subjective symptoms. On remand, the Court directs the ALJ to conduct a thorough analysis of the medical evidence, and solicit additional opinions if appropriate. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion."). The ALJ should analyze Plaintiff's known medical impairments, both severe and non-severe, and explain why they are or are not included in the RFC. The ALJ must also analyze Plaintiff's subjective complaints in the manner prescribed by SSR 16-3p, explaining which symptoms he or she finds consistent or inconsistent with the evidence.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 21th day of August, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record